IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              10-CR-6038(CJS)

      -vs-

DAVID R. RINERE,                  **GOVERNMENT'S EXPERT**
            Defendant.              **DISCLOSURE**

---

The United States of America, by and through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, Marisa J. Miller, of counsel, hereby submits the government's expert disclosure pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and requests leave to submit such other disclosures as may be appropriate prior to or at the close of the evidence.

    1.    <u>**S/A Joseph T. Gillett and S/A Matthew R. Meyer**</u>

Special Agent Joseph T. Gillett works as a computer forensic agent for the Department of Homeland Security, Immigration and Customs Enforcement/Homeland Security Investigations. Matthew R. Meyer is a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement/Homeland Security Investigation ("ICE/HSI"). As part of S/A Meyer's duties with ICE/HSI, he investigates crimes involving child exploitation as well as the production, distribution, receipt and possession of child pornography. The government believes that the testimony will

involve S/A Gillett's *technical and specialized knowledge* regarding the examination of computers under Rule 702 of the Federal Rules of Evidence and, with respect to S/A Meyer's testimony, technical and specialized knowledge regarding the production of child pornography, and the transmission of images of child pornography through both cellular phones and the internet.

S/A Gillett will be asked to explain his training and background (S/A Gillett's *curriculum vitae* will be forwarded to counsel under separate cover), the nature of the examination that he undertook of the computer and related media, and the methods and/or software used to assist him in his examination.  Thus, this witness will be more in the nature of a "fact" witness explaining how certain evidence was located.  The government is prepared to present evidence pursuant to Federal Rules of Evidence Rule 702 and the requirements of the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Company, Ltd. v. Carmichael, 526 U.S.137 (1999).

However, the government emphasizes that *the witness will be offered only for his technical and specialized knowledge in the area of computer examination*, not, for example, for expertise in the fields of hardware or software development. See United States v. Scott-Emuakpor, 2000 WL 288443, *11-12 (W.D.Mich. January 25,

2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs.  The question is whether they have the skill to find out what is on a hard drive or a zip drive.  Apparently, they have this skills because they determined what was on the drives.").

Dated:    Rochester, New York December 30, 2010

                    WILLIAM J. HOCHUL, JR.
                    United States Attorney

        By:  S/ MARISA J. MILLER
            MARISA J. MILLER
            Assistant United States Attorney
            United States Attorney's Office
            Western District of New York
            620 Federal Building
            100 State Street
            Rochester, New York 14614
            (585) 263-6760 x2265
            Marisa.Miller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              10-CR-6038(CJS)

      -vs-

                                              **GOVERNMENT'S EXPERT**
DAVID R. RINERE,                           **DISCLOSURE**
          Defendant.

---

## CERTIFICATE OF SERVICE

    I hereby certify that on December 30, 2010, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:

    M. KIRK OKAY, ESQ.


                                              /s/ Lisa Yehl
                                            Lisa Yehl