IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

     v.                                  10-CR-6038(CJS)

DAVID R. RINERE,

          Defendant.

## PLEA AGREEMENT

The defendant, DAVID R. RINERE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography) for which the mandatory minimum sentence is a term of imprisonment of 5 years, the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

5.     The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.   That the defendant knowingly received any child pornography;

   b.   That such item or items of child pornography had been transported using a means or facility of interstate or foreign commerce; and

   c.   That at the time of such receipt the defendant believed that what he received constituted child pornography.

## FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.   Between on or about October 24, 2008 and April 4, 2009, the defendant, DAVID R. RINERE, was involved in a relationship with K.M., a minor under the age of 15, who lived within the Western District of New York.

   b.   During the course of that relationship, the defendant employed, used, enticed and persuaded K.M. to produce a sexually explicit video and photographs of herself using a cellular telephone, knowing that, at the time of production, K.M. was 13 years old.

   c.   At the defendant's request, K.M. transmitted the sexually explicit photographs and video to the defendant's cellular telephone.

   d.   On or about October 24, 2008, within the Western District of New York, the defendant knowingly

       received the photographs of K.M. on his cellular telephone. At the time that the defendant received the photographs, he knew that K.M. was 13 years old and that they depicted a minor engaged in sexually explicit conduct.

    e.    The images were shipped and transported using a Samsung cellular phone, a means or facility of interstate and foreign commerce.

    f.    The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III.   SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

8. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

9. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the **two level increase** pursuant to Guidelines § 2G2.1(b)(1)(B) (offense involved a minor more than 12 years old and younger than 16 years old).

   b. the **two level increase** pursuant to Guidelines § 2G2.1(b)(2)(A) (offense involved the commission of a sexual act).

11. The government maintains that the following specific offense characteristic does apply:

   a. the **two level increase** pursuant to Guidelines § 2G2.1(b)(3) (offense involved distribution).

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

**ADJUSTED OFFENSE LEVEL**

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38, if Guidelines § 2G2.1(b)(3) applies, and is 36 if Guidelines § 2G2.1(b)(3) does not apply.

**ACCEPTANCE OF RESPONSIBILITY**

13. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 36, if Guidelines § 2G2.1(b)(3) applies, and is 34 if Guidelines § 2G2.1(b)(3) does not apply.

**CRIMINAL HISTORY CATEGORY**

14. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw

the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15. It is the understanding of the government and the defendant that, if Guidelines § 2G2.1(b)(3) applies, with a total offense level of 36 and criminal history category of I, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a **term of imprisonment of 188 to 235 months, a fine of $20,000 to $200,000, and a period of supervised release of at least 5 years and up to life.**

If Guidelines § 2G2.1(b)(3) does not apply, with a total offense level of 34 and criminal history category of I, the defendant's sentencing range would be a **term of imprisonment of 151 to 188 months, a fine of $17,500 to $175,000 and a period of supervised release of at least 5 years and up to life.**

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

16. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to

recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the production, receipt and possession of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six

months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence including the amount of restitution and/or fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 151 to 188 months, a fine of $17,500 to $175,000 and a period of supervised release of at least 5 years and up to life, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 188 to 235 months, a fine of $20,000 to $200,000, and a period of supervised release of at least 5 years and up to life, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, **DAVID R. RINERE**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: ______________________
MARISA J. MILLER
Assistant U.S. Attorney

Dated: February 16, 2011

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Mehmet K. Okay, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

______________________
DAVID R. RINERE
Defendant

Dated: February 14, 2011

______________________
MEHMET K. OKAY, ESQ.
Attorney for the Defendant

Dated: February 16, 2011