IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                      10-CR-6038(CJS)

DAVID R. RINERE,

          Defendant.

---

## STATEMENT OF THE GOVERNMENT WITH RESPECT
## TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Pre-sentence Report, revised October 13, 2011 ("PSR"), with respect to sentencing factors in this action.

### I.   Calculation of the Sentencing Guidelines

In the plea agreement, the parties agreed to calculate the defendant's sentencing guidelines as though he had been convicted of a violation of Title 18, United States Code, Section 2251(a), production of child pornography.  The parties agreed to the defendant's base offense level, as well as enhancements relating to the age of the victim and that the offense involved the commission of a sexual act. (Plea Agreement ¶10; PSR ¶¶34-36).  However, the parties disagreed about the applicability of a specific offense enhancement related to the distribution of images. (Plea Agreement ¶11).

The government respectfully submits that United States

Sentencing Guideline section 2G2.1(b)(3), where the offense involves distribution, applies in this case. (Id.). The Commentary associated with the enhancement defines "distribution" to mean

> [A]ny act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.

U.S.S.G. §2G2.1(b)(3), n.1; PSR ¶37). During the factual colloquy of his plea hearing, the defendant admitted that he used, enticed and persuaded Victim[1] to produce sexually explicit photographs and a video of herself. (2/16/11 Tr. 30). Further, the defendant admitted that, at his request, Victim sent the images from her cellular phone to his cellular phone. (Id. 30-31). As noted in the PSR, the images were thereafter found on a Dell Dimension desktop computer that was owned by the person with whom the defendant was then living. (PSR ¶37).

As the defendant's admitted conduct involved the transfer of images depicting Victim engaged in sexual activity, the production of which was induced by the defendant, the two level enhancement pursuant to Section 2G2.1(b)(3) applies. Accordingly, the defendant's total offense level, including a two level reduction for acceptance of responsibility, would be 36. An offense level of

---

[1] The charges against the defendant related to images depicting a female minor then less than 15 years old. To protect her identity, the female is identified herein as "Victim."

36 and a Criminal History Category I results in a sentencing guideline range of a term of imprisonment of 188 to 235 months. The government respectfully requests that the Court impose a guidelines sentence.

**II.  The Section 3553(a) Factors Support a Guideline Sentence**

In reviewing the section 3553(a) factors, as enumerated in Title 18 of the United States Code, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, as well as to protect the public from further crimes.  18 U.S.C. §§ 3553(a)(1) and (a)(2).

A. Individualized Assessment

As discussed above, the government respectfully concurs with the sentencing guideline calculation contained in the PSR, which would result in a term of imprisonment of 188 to 235 months, a fine of $20,000 to $200,000 and a period of supervised release of at least 5 years and up to life.  (PSR ¶¶64,69,73).  It is well-settled that calculating the advisory sentencing guidelines is the first step in determining the defendant's ultimate sentence, after which the Court must consider the §3553(a) factors. United States v. Dorvee, 616 F.3d 174, 180 (2010) quoting United States v. Gall,

552 U.S. 38, 49-50 (2007); see also, United States v. Aumais, 10-cr-3160, 2011 U.S. App. LEXIS 18620, *26 (2d Cir. Sept. 8, 2011). In Aumais, decided in September 2011, the Second Circuit upheld the guidelines sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the §3553(a) factors. Aumais, 2011 U.S. App. LEXIS 18620 at *26. The Court also upheld the substantive reasonableness of the guidelines sentence that the lower court imposed, as the sentence was well below the statutory maximum. Id. at *27.

In this case and considering the §3553(a) factors, as individually applied to the defendant, a guideline sentence of 188 to 235 months is appropriate. Moreover, the government notes that the applicable guidelines range falls below the statutory maximum of 240 months established by Title 18, United States Code, Section 2252A(b)(1).

### B. The Section 3553(a) Factors

At the time of the offense, the defendant was 41 years old and Victim had not yet reached 15 years old - a difference of more than 25 years. In fact, the defendant has children the same age as Victim. (PSR ¶79).

The defendant met Victim in the Spring of 2008 when he moved to Rochester, New York and was introduced to her as a friend of the family. (PSR ¶¶19, 61). Shortly thereafter, the defendant

provided Victim with a cellular phone and began to communicate with her, via phone calls and text messages. (PSR ¶¶19, 61). By September 2008, Victim and the defendant considered themselves to be "boyfriend/girlfriend" and then first engaged in sexual activity on or about October 22, 2008. (PSR ¶¶19, 61). Victim described that activity as including vaginal and anal penetration by the defendant, as well as oral sex. (PSR ¶ 61).

After their sexual relationship began, the defendant induced and persuaded Victim to take images of her vagina with the cell phone he provided her. (PSR ¶¶20, 61). The defendant also persuaded Victim to create a video, using the cell phone, of her masturbating. (Plea Agreement ¶6(b)). Victim sent the images to the defendant's cell phone. (PSR ¶¶20, 61). Thereafter, the defendant transmitted the images onto the Dell Dimension desktop computer owned by the defendant's landlord. (PSR ¶20).

During his plea, the defendant admitted to inducing Victim to produce and transmit the images. (2/16/11 Tr. 30-31). He further stated that "at some point, I stopped looking at her as a [XX] year old child." (Id. at 33). Moreover, the defendant conceded "[a]nd I didn't believe that at the time [that] what I was doing was wrong." (Id.). The government respectfully submits to the Court that the defendant's actions were wrong and have had a profound impact upon Victim. Victim and members of Victim's family have submitted statements to the Court, under seal, that describe how

this conduct has affected and continues to affect Victim. In light of the defendant's actions - creating a trust relationship with a child less than 15 years old, using that relationship to induce the child to engage in sexual activities and to produce images of the sexual activities, and to then transmit those images between cell phones and to a computer - the government requests that the defendant be sentenced to a term of imprisonment of 188 to 235 months.

### III. Additional Sentencing Considerations

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. §3013 to pay the sum of $100 at the time of sentencing.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

```
                    Asset Forfeiture/Financial Litigation Unit
                    U.S. Attorney's Office--WDNY
                    138 Delaware Avenue
                    Buffalo, New York 14202
```

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

```
     DATED:    Rochester, New York, November 15, 2011.

                         WILLIAM J. HOCHUL, Jr.
                         United States Attorney
                         Western District of New York

                    BY:   S/Marisa J. Miller
                         MARISA J. MILLER
                         Assistant United States Attorney
                         United States Attorney's Office
                         100 State Street, Room 500
                         Rochester, New York 14614
                         (585)263-6760
                         Marisa.Miller@usdoj.gov


TO:  M. Kirk Okay, Esq.
     David B. Spogen, U.S.P.O.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                      10-CR-6038(CJS)

DAVID R. RINERE,

        Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:

    M. Kirk Okay, Esq.

Additionally, service was provided for the following individual(s) via hand delivery:

    David B. Spogen, U.S.P.O.

                                          S/Marisa J. Miller
                                          Marisa J. Miller