IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                SENTENCING MEMORANDUM

                Case No. 6:10-CR-06038-001

-V-                Hon. Charles J. Siragusa
                United States District Judge

DAVID R. RINERE

    Defendant

COMES DEFENDANT, through counsel, and as and for his Sentencing Memorandum, respectfully submits as follows:

1. The overriding principle and basic mandate of 18 United States Code Section 3553 requires district courts to impose a sentence *"sufficient, but not greater than necessary,"* to comply with the four purposes of sentencing set forth in Section 3553(a)(2).

    a. Retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide *"just punishment"*);

    b. Deterrence;

    c. Incapacitation (*"to protect the public from further crimes"*); and

    d. Rehabilitation (*"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"*).

2. The sufficient-but-not-greater-than-necessary requirement is often referred to as the parsimony provision. This provision is not just another factor to be considered along with the other factors set forth in Section 3553(a), rather it sets an independent limit on the sentence the court may impose. See <u>United States v. Denardi</u>, *892 F.2d 269, 276-77 (3d Cir. 1989)* (Becker, J., concurring in part, dissenting in part) (*since Section 3553(a) requires sentence to be no greater than necessary to meet the four (4) purposes of sentencing, imposition of*

*sentence greater than necessary to meet those purposes is reversible, even if within guideline range).*

3. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These factors are:

  a. The nature and circumstances of the offense and the history and characteristics of the defendant;

  b. The kinds of sentences available;

  c. The guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range;

  d. The need to avoid unwarranted sentencing disparity;

  e. The need to provide restitution where applicable.

  18 USC Section 3553(a)(1), (a)(3), (a)(5)-(7)

4. Neither the statute itself, nor the holding of the Supreme Court of the United States in *United States of America v. Booker*, 125 S. Ct. 738 (2005), suggests that any one of the factors be given greater weight than any other factor.

5. The court may note that all of the sentence factors are subordinate to the mandate of Section 3553(a), which requires a sentence *not greater than necessary* to comply with the four purposes of sentencing (emphasis supplied).

6. On 16 February 2011 the defendant entered a plea of guilty on the record in open court to Count 2 of Indictment No. 06-6038 charging Receipt of Child Pornography in violation of 18 United States Code Section 2252A(a)(2)(A) under the terms of a written Plea Agreement entered into with the Government.

7. The defense notes at the outset that the offense of conviction requires a five (5) year mandatory minimum term of imprisonment.

-3-

8. Consistent with the advisory United States Sentencing Guidelines (USSG) calculation negotiated by the parties in the written Plea Agreement, and the guideline calculation set forth in the 6 October 2011 Presentence Investigation Report (PSR), the defendant stands before the court in a Criminal History Category of I.

9. The defense further notes at the onset that the defendant, on the eve of trial, elected to enter a plea as his trial strategy, and that, pursuant to USSG Section 1B1.2(a), the advisory USSG calculation set forth in the written Plea Agreement was determined as if the defendant was convicted of a violation of 18 United States Code Section 2251(a) (Production of Child Pornography).

10. The Plea Agreement was reached pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

11. In regard to the advisory guideline calculation for the stipulated offense pursuant to USSG Section 1B1.2(a), the base offense level for Production of Child Pornography is level 32 pursuant to USSG Section 2G2.1(a).

12. Pursuant to the terms of the Plea Agreement the base offense level is adjusted upward two (2) levels pursuant to USSG Section 2G2.1(b)(1)(B) (offense involved a minor more than 12 years old and younger than 16 years old) to level 34.

13. Pursuant to the terms of the Plea Agreement the offense level of 34 is adjusted upward an additional two (2) levels pursuant to USSG Section 2G2.1(b)(2)(A) (offense involved the commission of a sexual act) to level 36.

14. The Plea Agreement features an additional two (2) level upward adjustment to level 38 pursuant to USSG Section 2G2.1(b)(3) (offense involved distribution).

15. The defense does not agree that the additional two (2) level upward adjustment pursuant to USSG Section 2G2.1(b)(3) (distribution) should apply in this particular case, and the Plea Agreement reflects that lack of agreement in Paragraph 11(a) on Page 6.

-4-

16. In connection with the advisory guideline range for the stipulated offense calculated in the Plea Agreement with a Criminal History Category of I, after the application of the two (2) level downward adjustment set forth at USSG Section 3E1.1(a), the total offense level will be either level 36 or level 34.

17. The advisory guideline range at offense level 36 in Criminal History Category I is 188-235 months of incarceration.

18. The advisory guideline range at offense level 34 in Criminal History Category I is 151-188 months of incarceration.

19. The foregoing sets forth the sentencing parameters of the case.

## DISCUSSION

20. In *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), the Second Circuit found that the child pornography guidelines were fundamentally different than most, and that, unless applied with great care, they can lead to unreasonable sentences that are inconsistent with the requirements of 18 United States Code Section 3553.

21. Normally sentencing guidelines are developed by the United States Sentencing Commission (the "*Commission*") using an empirical approach based upon data about past sentencing practices.

22. The Commission did not use an empirical approach in their formulation of the child pornography guidelines, rather, these particular guidelines were implemented at the direction of Congress.

23. The *Dorvee* court noted that recent changes effected by the Protect Act of 2003 show a blatant disregard for the Commission, and amount to a significant effort to marginalize their role in the federal sentencing process.

24. The defense submits that the Congressional genesis of the child pornography guidelines represents an invasion of the province of the Commission.

-5-

25.     The court in <u>Dorvee</u> went through the so-called *"run of the mill"* enhancements under Section 2G2.2 and found that a first time offender may face a stiff sentence based solely on sentencing enhancements that are inherent to the offense of conviction.

26.     Adherence to the enhancements set forth in the child pornography guidelines results in virtually no distinction between sentences for first time offenders, and sentences for the most dangerous offenders who distribute child pornography for pecuniary gain.

27.     In <u>Dorvee</u>, the court found that in some ways the child pornography guidelines are irrational.

28.     <u>Dorvee</u> ultimately states that district court judges are encouraged to take seriously the broad discretion they possess in fashioning sentences, bearing in mind that in cases of child pornography, we are dealing with *"... eccentric guideline(s) of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results."*

29.     Because they produce high offense levels even for first time offenders, the child pornography guidelines have encountered resistance from sentencing courts around the country, and child pornography defendants receive sentences below the guideline range in the majority of cases. United States Sentencing Commission 2010 *Sourcebook of Sentencing Statistics*, tbl 27  (courts sentence below guideline range in 56% of child pornography cases).

30.     In <u>United States v. Dorvee</u> the Second Circuit also found that it had the power to review a child pornography sentence for procedural reasonableness *sua sponte*.

31.     In <u>United States v. Tutty, 612 F.3d 128 (2d Cir. 2010)</u>, the Second Circuit went through the so-called *"run of the mill"* enhancements under Section 2G2.1.

32.     Again, the court found that the child pornography guidelines result in virtually no distinction between sentences for an ordinary first time offender, and sentences for the most dangerous offenders who distribute child pornography for pecuniary gain.

33.     In <u>Tutty</u>, the court suggested that the child pornography guidelines may not be entitled to the usual deference because they were congressionally directed.

34. In 2007, the Supreme Court held that a district court may vary from the guideline range based solely on a policy disagreement in order to achieve the goals of 18 United States Code Section 3553(a), even where the disagreement applies to a wide class of offenders or offenses. *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

35. Based upon the rationale of the Second Circuit in *Dorvee* and *Tutty*, the instant defense urges the court not to apply the two (2) level enhancement of USSG Section 2G2.1(b)(3).

36. The facts indicate that there was no distribution to a third party, and that there was no distribution for pecuniary gain.

37. The defense submits that there was no distribution for a thing of value, but not for pecuniary gain.

38. There was no distribution intended to persuade, induce, entice, coerce or facilitate the travel of a minor to engage in prohibited sexual conduct with the defendant, or with a third party.

39. There is no evidence that the defendant possessed child pornography with the intent to distribute same.

40. The USSG Section 2G2.1(b)(3) enhancement is a *"run of the mill"* enhancement that is inherent to the offense of conviction.

41. The defense submits that the defendant has accepted responsibility for his conduct, and has demonstrated genuine remorse for his actions.

42. United States Probation, in the PSR, notes in Paragraph 32 on Page 7 that the defendant has affirmatively accepted responsibility, and has expressed sincere remorse for his actions.

43. The PSR notes in that same paragraph that the defendant was noticeably emotional as he expressed remorse.

44. The Plea Agreement, in Paragraph 16 on Page 8, reserves to the parties the right to recommend a sentence outside of the stipulated offense guideline range.

-7-

45. Consistent with that reservation, and in light of all the foregoing, the defense respectfully submits that a sentence at or near the sixty (60) month mandatory minimum for the offense of conviction will comport with the requirement that the sentence be sufficient, but not greater than necessary to comply with the four (4) objectives of sentencing noted at the onset, and the mandate of 18 United States Code Section 3553(a).

46. In light of the alcohol and substance abuse history of the defendant that is detailed in Paragraph 83 on Page 16 of the PSR, and in Paragraph 4 on Page 2 of the defense Statement of Parties With Respect to Sentence Factors Pursuant to USSG Section 6A1.2, the defense respectfully moves the court for a recommendation that the defendant be allowed to participate in the Bureau of Prisons (BOP) drug rehabilitation program pursuant to 18 United States Code Section 3621(e).

47. Based upon the financial information set forth in the PSR, it appears that the defendant has no ability to pay a fine.

48. There is no claim for restitution in this case, and as the PSR notes in Paragraph 76 on Page 14, restitution is not an issue in this case.

49. The defense would also move the court for a recommendation that the defendant be housed in the BOP facility that is geographically closest to the Western District of New York.

50. In conclusion, the defense respectfully urges the court to impose a sentence of incarceration at or near the mandatory minimum of sixty (60) months for the offense of conviction as the appropriate sentence in this particular case in light of the sentence factors that are present.

DATED: November 21, 2011
at Rochester, New York

M. Kirk Okay
*Counsel to David R. Rinere*

-8-

                                                                       The Okay Law Firm  
                                                                       546 East Main Street  
                                                                       Post Office Box 622  
                                                                       Batavia, New York 14021-0622  
                                                                       Telephone (585) 343-1515

TO:     Hon. Charles J. Siragusa  
          United States District Judge  
          United States District Court  
          Western District of New York  
          United States Court House  
          100 State Street  
          Rochester, New York  14614

          Marisa J. Miller, Esq.  
          Assistant United States Attorney  
          620 Federal Building  
          100 State Street  
         Rochester, New York  14614

          David B. Spogen  
          United States Probation Officer  
          United States Court House  
          100 State Street  
          Rochester, New York  14614

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                                             AFFIRMATION OF SERVICE

-V-                                                            Case No. 6:10-CR-06038-001

DAVID R. RINERE,

                Appellant

       Mehmet K. Okay, an attorney duly admitted to the practice of law in the United States District Court for the Western District of New York, affirming under the penalties of perjury declares to be true and states as follows:

       I am over the age of eighteen years and not a party to this action. I reside in Batavia, New York. On the 21st day of NOVEMBER 2011 I served the annexed SENTENCING MEMORANDUM in the above-styled and numbered cause upon:

                MARISA J. MILLER, ESQ.
                ASSISTANT UNITED STATES ATTORNEY
                620 FEDERAL BUILDING
                100 STATE STREET
                ROCHESTER, NEW YORK  14614    and upon

                DAVID B. SPOGEN
                UNITED STATES PROBATION OFFICER
                UNITED STATES PROBATION
                100 STATE STREET
                ROCHESTER, NEW YORK  14614

by electronic means via the CM/ECF System.

DATED:  November 21, 2011
            at Rochester, New York

                                                  M. Kirk Okay
                                                  *Counsel to David R. Rinere*

                                                  The Okay Law Firm
                                                  546 East Main Street
                                                  Post Office Box 622
                                                  Batavia, New York  14021-0622
                                                  Telephone (585) 343-1515